UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA ROBLES, as Personal
Representative of the ESTATE of
FRANK VINCENT ROBLES, III, Deceased

          Plaintiff,

v.

CHAD LEE and
CITY OF ROSEVILLE,

          Defendants.

Case No.
Hon.

---

MOSS & COLELLA, P.C.
BY:    A. VINCE COLELLA (P49747)
        MELANIE J. DUDA (P77165)
        MATTHEW C. MCCANN (P85286)
Attorneys for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved
civil action arising out of the transaction or
occurrence alleged in this Complaint.

   /s/ A. Vince Colella
A. Vince Colella (P49747)

NOW COMES Plaintiff, LAURA ROBLES, as Personal Representative of the ESTATE OF FRANK VINCENT ROBLES, III, Deceased, by and through her attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and for her Complaint and Demand for Jury Trial, states as follows:

1

## PRELIMINARY STATEMENT

1. This case arises out of the fatal shooting of FRANK VINCENT ROBLES, III, (hereinafter "ROBLES"), a fifty-seven-year-old male at the time he was shot and killed by a City of Roseville police officer, Defendant CHAD LEE on April 26, 2022. ROBLES was the victim of unlawful deadly force having been shot multiple times, while standing and lying prone on the ground with a fatal gunshot wound to his head. Plaintiff's duly appointed Personal Representative, LAURA ROBLES, brings these federal and state law claims on behalf of ROBLES's estate to establish recognition that the shooting of FRANK VINCENT ROBLES, III was unjust and contrary to clearly established law, to secure compensation for these wrongful acts, and to help end the violence perpetrated by the City of Roseville against the people of this state.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, LAURA ROBLES, is the duly appointed Personal Representative of the ESTATE OF FRANK VINCENT ROBLES, III ("ESTATE") and resides in the County of Macomb, State of Michigan.

3. Upon information and belief, Defendant CHAD LEE (hereinafter "LEE"), is a resident of the County of Macomb, State of Michigan, and a police officer with the City of Roseville Police Department. At all material times, LEE was acting under the color of state law.

4. Defendant, CITY OF ROSEVILLE, is a municipal corporation organized under the laws of the State of Michigan, charged with operating the City of Roseville Police Department, within the County of Macomb. At all material

2

times, Defendant CITY OF ROSEVILLE was acting under the color of state law.

5. This is a civil rights action for damages brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and the Fourth and Fourteenth Amendments to the United States Constitution and related state law claims, including the Michigan Wrongful Death Act, against the above-named Defendants for their wrongful acts, committed in Defendant LEE's individual capacity and for Defendant CITY OF ROSEVILLE's unconstitutional policies and procedures, resulting in the wrongful death of ROBLES.

6. Jurisdiction is proper in this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7. The conduct or occurrence giving rise to this cause of action is the shooting and wrongful death of ROBLES on April 26, 2022, on Groesbeck Avenue near 12 Mile Road and Martin Road in the City of Roseville, County of Macomb.

8. Pursuant to 28 U.S.C. §§ 1391(b)(2), venue is proper before this Honorable Court, as the substantial portion of the aforementioned events took place within this judicial district.

## COMMON ALLEGATIONS

9. Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

10. On or about the morning of April 26, 2022, Plaintiff ROBLES was driving to work on Groesbeck Highway in the City of Roseville.

11. On or about that date at approximately 6:20 a.m., Plaintiff ROBLES was involved in a motor vehicle accident on Groesbeck Highway involving a semi-tractor trailer.

12. Following the motor vehicle collision, Plaintiff ROBLES exited his vehicle in a state of disorientation, confusion and under the traumatic stress of the event in possession of a pocket fishing knife.

13. On or about 6:21:13 a.m., Defendant LEE arrived at the scene of the motor vehicle accident, in the course and scope of his employment as a police officer with the City of Roseville.

14. Upon arrival at the scene of the accident, Defendant LEE encountered Plaintiff ROBLES standing near his vehicle in the roadway.

15. Defendant LEE asked Plaintiff ROBLES, "[I]s this your car?" to which ROBLES responded "what?" demonstrating confusion and disorientation from the motor vehicle accident.

16. Defendant LEE then asked Plaintiff ROBLES if he was "good," and ROBLES responded "no."

17. Police body camera video footage demonstrates Plaintiff ROBLES (having moments earlier extricated himself from his vehicle following a significant head-on collision) in a visible state of confusion, unable to fully comprehend the officer's instructions.

18. Rather than ascertaining whether Plaintiff ROBLES could comprehend his instructions, was coherent or injured, Defendant LEE drew his firearm and ordered Plaintiff to "drop the [explicative] knife."

4

19. Immediately thereafter, Defendant LEE fires upon Plaintiff ROBLES multiple times.

20. Plaintiff ROBLES collapsed to the ground rendered incapacitated by the gunfire.

21. While on the ground, Defendant LEE again began to fire his weapon upon the Plaintiff, ROBLES (at least 4 additional rounds) striking him in the right cheek and head.

22. According to the autopsy performed on April 27, 2022, by Dr. Lokman Sung, M.D., Plaintiff ROBLES died as the result of "multiple gunshot wounds."

23. Dr. Sung's autopsy lists five gunshot wounds for ROBLES: one to his head, two to his chest, one to his right shoulder, and one to his right back.

## COUNT I: DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT LEE (FOURTH AMENDMENT - EXCESSIVE FORCE)

24. Plaintiff adopts and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

25. Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, Defendant LEE owed ROBLES a duty to act prudently, with reasonable care, and otherwise to avoid unreasonable and excessive force.

26. Reasonable officers in the position of Defendant LEE at the time of this incident – i.e., prior to the use of deadly force against ROBLES and prior to shooting him in the head – would have known, in light of existing law, that the unlawfulness of this action was apparent under the circumstances,

5

would be a violation of clearly established law, and of ROBLES's constitutional rights against unlawful deadly force.

27. As a direct and proximate result of the aforementioned conduct, ROBLES suffered terror, fright shock and fear as Defendant LEE fired his weapon multiple times causing his death. ROBLES also suffered physical injury, emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately death as the result of the aforementioned conduct.

28. As a further direct and proximate result of the aforementioned conduct, ROBLES's surviving family members, heirs and assigns, and/or next of kin have suffered permanent damages including, but not limited to: grief, anguish, emotional distress, medical and burial costs, loss of society and companionship, and other damages recoverable under the Michigan Wrongful Death Act, MCL § 600.2922.

## COUNT II: *MONELL* LIABILITY AGAINST DEFENDANT CITY OF ROSEVILLE (UNCONSTITUTIONAL POLICY OR PROCEDURE IN VIOLATION OF 42 U.S.C. § 1983)

29. Plaintiff adopts and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

30. Defendant CITY OF ROSEVILLE had a policy, practice, and/or custom of training its police officers to use excessive and/or deadly force in lieu of less lethal force contrary to constitutional limits of the use of deadly force.

31. Defendant CITY OF ROSEVILLE failed to train and supervise its officers in the use of approved use of force procedures when required, including the

use of less lethal force in encounters with persons who are injured, in distress or suffering from a mental health crisis.

32. Upon information and belief, Defendant CITY OF ROSEVILLE's training and policies fail to provide adequate training and supervision of its officers in using a reasonable degree of force when a subject is posing a threat to an officer, themselves, or others.

33. Defendant CITY OF ROSEVILLE's above listed polices, practices, and/or customs regarding the use of deadly force was the moving force and proximate cause of ROBLES's death.

34. Defendant CITY OF ROSEVILLE's above listed failure to adequately train, investigate, and discipline officers using excessive and/or deadly force was the moving force and proximate cause of ROBLES's death.

35. As a direct and proximate result of the aforementioned conduct, ROBLES suffered terror and fear as Defendant LEE fired his weapon multiple times causing his death. ROBLES also suffered physical injury, emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately death as the result of the aforementioned conduct.

36. As a further direct and proximate result of the aforementioned conduct, ROBLES's surviving family members, heirs and assigns, and/or next of kin have suffered permanent damages including, but not limited to: grief, anguish, emotional distress, medical and burial costs, loss of society and companionship, and other damages recoverable under the Michigan Wrongful Death Act, MCL § 600.2922.

7

### COUNT III: ASSAULT AND BATTERY AGAINST DEFENDANT LEE
### (IN VIOLATION OF STATE LAW)

37. Plaintiff adopts and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

38. The aforementioned actions and conduct of Defendant LEE as incorporated herein, were willful, wanton, intentional and/or reckless.

39. The aforementioned actions and conduct of Defendant LEE as incorporated herein, created a reasonable apprehension of an immediate threat of harm and/or offensive touching to ROBLES.

40. The aforementioned actions and conduct by Defendant LEE as incorporated herein, did in fact constitute an offensive and harmful touching of ROBLES.

41. Defendant LEE knew or should have known that his aforementioned actions and/or conduct would cause injury to ROBLES and furthermore, his conduct did in fact cause the aforementioned injury to Plaintiff.

42. As a direct and proximate result of the aforementioned conduct, ROBLES suffered terror and fear as Defendant LEE fired his weapon multiple times causing his death, including shots fired after Plaintiff ROBLES had been rendered incapacitated. ROBLES also suffered physical injury, emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately death as the result of the aforementioned conduct.

43. As a further direct and proximate result of the aforementioned conduct, ROBLES's surviving family members, heirs and assigns, and/or next of kin

8

have suffered permanent damages including, but not limited to: grief, anguish, emotional distress, medical and burial costs, loss of society and companionship, and other damages recoverable under the Michigan Wrongful Death Act, MCL § 600.2922.

### COUNT IV: GROSS NEGLIGENCE AGAINST DEFENDANT LEE
### (IN VIOLATION OF STATE LAW)

44. Plaintiff adopts and incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

45. At all material times, Defendant LEE, as a City of Roseville police officer, owed a duty to all persons, including ROBLES, to avoid wanton, willful, or reckless misconduct; to avoid grossly negligent conduct; and to avoid conduct so reckless as to demonstrate a substantial lack of concern as to whether injury results.

46. Notwithstanding the aforementioned duties, Defendant LEE was grossly negligent, wanton, and/or willful in breaching the aforementioned duties in one or more of the following ways:

   a. Failing to use less-lethal alternatives to deadly force when he knew or reasonably should have known that Plaintiff ROBLES did not pose an imminent or immediate threat to his safety, other officers or civilians at the initiation of the firing of his weapon or after Plaintiff ROBLES had become incapacitated by gun fire.

   b. Discharging his firearm multiple times when he knew or should have known that he was not in imminent or immediate harm and that

9

ROBLES did not pose a physical threat to his safety or that of other officers or civilians; and

c. Other breaches of duty identified during the course of discovery.

47. As a direct and proximate result of the Defendant LEE's conduct, ROBLES suffered terror and fear as Defendant LEE fired his weapon multiple times causing his death. ROBLES also suffered physical injury, emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately death as the result of the aforementioned conduct.

48. As a further direct and proximate result of the aforementioned conduct, ROBLES's surviving family members, heirs and assigns, and/or next of kin have suffered permanent damages including, but not limited to: grief, anguish, emotional distress, medical and burial costs, loss of society and companionship, and other damages recoverable under the Michigan Wrongful Death Act, MCL § 600.2922.

## RELIEF AND DAMAGES REQUESTED

WHEREFORE, Plaintiff LAURA ROBLES, is the duly appointed Personal Representative of the ESTATE OF FRANK VINCENT ROBLES, III, Deceased, respectfully requests that this Honorable Court enter judgment in her favor against Defendants CHAD LEE and CITY OF ROSEVILLE, and award the following damages:

A. Compensatory damages in excess of Ten Million ($10,000,000.00) Dollars.

B. Punitive damages against Defendant CHAD LEE only;

C. Costs incurred and attorney's fees pursuant to 42 U.S.C § 1988;

10

    D. Any and all damages recoverable under the Michigan Wrongful Death Act, MCL § 600.2922;

    E. Prejudgment interest; and

    F. Any other relief this Court deems equitable and just.

Respectfully submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248)-945-0100
vcolella@mosscolella.com

DATED: June 20, 2023

11

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA ROBLES, as Personal
Representative of the ESTATE of
FRANK VINCENT ROBLES, III, Deceased

        Plaintiff,

Case No.
Hon.

v.

OFFICER CHAD LEE and
CITY OF ROSEVILLE,

        Defendants.

MOSS & COLELLA, P.C.
BY:   A. VINCE COLELLA (P49747)
       MELANIE J. DUDA (P77165)
       MATTHEW C. MCCANN (P85286)
Attorneys for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
248-945-0100/F: 248-945-1801
vcolella@mosscolella.com

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, LAURA ROBLES, as Personal Representative of the ESTATE of FRANK VINCENT ROBLES, III, Deceased, by and through her attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and respectfully requests jury trial in the above captioned matter.

                                  Respectfully submitted,
                                  MOSS & COLELLA, P.C.

                                  BY: /s/ A. Vince Colella
                                  A. VINCE COLELLA (P49747)
                                  Attorney for Plaintiff
                                  28411 Northwestern Hwy, Suite 1150
                                  Southfield, MI 48034
                                  (248)-945-0100
DATED: June 20, 2023                   vcolella@mosscolella.com